UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND J. DEVEREUX, JR., | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-CV-490 RLW |
| JULIE KEMPKER,[1] | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of petitioner Raymond J. Devereux, Jr.'s pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) Petitioner was incarcerated at the Tipton Correctional Center in the Missouri Department of Corrections at the time he filed the Petition, but was released from custody during the pendency of this case and placed on parole, and may have been discharged from parole.

**Background**

On September 15, 2015, a jury in the Circuit Court of St. Louis County, Missouri, found Petitioner guilty of unlawful use of a weapon (Count I), a Class D felony for which he was sentenced to a term of three years' imprisonment; armed criminal action (Count II), an unclassified felony for which he was sentenced to a concurrent term of three years' imprisonment; and first degree assault (Count III), a class B felony for which he was sentenced to a consecutive term of five years.

---

[1] After filing his petition, Petitioner was released on parole. As such, Julie Kempker, the Director of the Missouri Board of Probation and Parole, shall be substituted for Brock Van Loo as the party respondent. 28 U.S.C. § 2254, Rule 2. As discussed in this Memorandum and Order, however, it is not clear that Petitioner remains in the custody of any state officer.

Petitioner appealed his conviction to the Missouri Court of Appeals and raised four claims of trial court error. The Missouri Court of Appeals affirmed on December 27, 2016. State v. Devereux, No. ED 103698, 506 S.W.3d 393 (Mo. Ct. App. 2016) (Resp. Ex. C, ECF No. 8-3).

Petitioner filed the instant Petition for habeas relief in federal court on April 6, 2020 (ECF No. 1). Respondent filed a response in opposition with supporting exhibits on May 28, 2020 (ECF No. 8), and Petitioner filed a reply in support. (ECF No. 9).

The Petition raises the following grounds: (1) a Schlup actual innocence claim;[2] (2) a due process claim that the State knowingly used the perjured testimony of a witness; (3) Petitioner's Confrontation Clause rights were violated when the victim did not testify; (4) Petitioner was denied compulsory process for obtaining the victim's testimony and relevant records; and (5) the trial court lacked jurisdiction due to defects in the indictment.

**Discussion**

On review of the file, it appears that Petitioner's Petition for Writ of Habeas Corpus may be moot. Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). An incarcerated petitioner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration itself, or the restrictions imposed by parole, constitute a concrete injury. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

---

[2]In McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013), the Supreme Court held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass, whether the impediment to consideration of the merits of a constitutional claim is a procedural bar, as it was in Schlup v. Delo, 513 U.S. 298 at 324, 327 (1995), or expiration of the Antiterrorism and Effective Death Penalty Act statute of limitations, as in McQuiggin. The Supreme Court has never held that a prisoner may be entitled to habeas relief based on a freestanding actual-innocence claim. McQuiggin, 569 U.S. at 392 (citing Herrera v. Collins, 506 U. S. 390, 404-05 (1993). The Court therefore interprets Petitioner's claim in Ground One as a gateway Schlup actual innocence claim, seeking to permit consideration of Petitioner's procedurally barred claims.

Once a habeas petitioner is released from custody, however, "some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." Id. Such consequences are not presumed. Id. at 12. If no collateral consequences are shown, the case is mooted by the petitioner's release. Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995).

Here, Petitioner filed a notice of new address on August 2, 2021, that stated he was at the Maryville Treatment Center and his substitute successor custodian was Todd Warren. (ECF No. 13). Petitioner filed a second notice of new address on November 29, 2021, that stated he was on parole and his substitute successor custodian was "Parole Board." (ECF No. 15). The Missouri Board of Probation and Parole indicates Petitioner was discharged from parole on July 8, 2022. If Petitioner is no longer on state parole, he must show a "concrete and continuing injury" or "collateral consequence" of the conviction to maintain this suit. Spencer, 523 U.S. at 7.

**Order to Show Cause**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Before doing so, the Court must provide notice to the petitioner and allow him the opportunity to state his position. See Day v. McDonough, 547 U.S. 198, 210 (2006). The Court will order Petitioner to show cause, in writing and no later than thirty (30) days from the date of this Order, why this action should not be dismissed as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause in writing by **April 24, 2023**, as to why the Court should not dismiss the instant Petition for Writ of Habeas Corpus as moot.

**IT IS FURTHER ORDERED** that Respondent shall respond to Petitioner's show cause response by **May 8, 2023**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet and short title of this case to reflect the substitution of Julie Kempker as the Respondent.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of March, 2023.